UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARRELL DANCY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:17CV2126 RLW |
| WIRELESS VISION, LLC, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER OF DISMISSAL**

This matter is before the Court on Plaintiff's counsel's failure to comply with the Court's Order to Show Cause dated June 29, 2018. (ECF No. 20) Plaintiff originally filed a Petition for Damages and Other Relief in the Circuit Court of St. Louis County, Missouri on May 26, 2017 against Defendant Wireless Vision, LLC. (Pet., ECF No. 4) On July 24, 2017, Defendant removed the case to federal court based on federal question jurisdiction. (ECF No. 1) Plaintiff alleges that Defendant terminated Plaintiff's employment in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, (Count I). He also claims that Defendant violated the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140 (Count II) and slandered Plaintiff (Count III).

On August 4, 2017, the Court issued an Order Setting Rule 16 Conference, which scheduled the Rule 16 Conference on September 7, 2017, with the Joint Proposed Scheduling Plan due August 31, 2017. (ECF No. 7) The Court continued the conference to September 26, 2017 after the parties did not timely file their joint scheduling plan. On September 20, 2017, Defendant filed its own proposed scheduling plan; Plaintiff did not file a scheduling plan or otherwise comply with the Rule 16 Order. (ECF No. 9) On September 21, 2017, the Court

issued the Case Management Order ("CMO") based on the proposed scheduling plan submitted by the Defendant. (ECF No. 11)

Pursuant to the CMO, the Court issued an Order Referring Case to Alternate Dispute Resolution ("ADR") on January 18, 2018. (ECF No. 12) The Order designated Richard J. Magee, Jr., Plaintiff's attorney of record, as lead counsel for ADR proceedings. On January 30, 2018, the parties filed a Joint Motion to Amend Case Management Order, seeking extensions of the discovery and dispositive motion deadlines, as well as a new date for referral to ADR. (ECF No. 13) The Court granted the motion and then issued another Order Referring the Case to ADR on April 20, 2018. (ECF Nos. 14, 15) The ADR Order set the ADR completion date as June 15, 2018. (ECF No. 15) The Order further specified, "[i]f a deadline cannot be met, the designated lead counsel shall **file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties." (*Id.* at pp. 2-3)

Thereafter, on June 5, 2018 and again on June 28, 2018, Defendant filed Consent Motions to Amend CMO indicating that, despite numerous attempts to facilitate discovery with Plaintiff, he has not completed discovery responses or scheduled a date for Plaintiff's deposition. (ECF No. 16 ¶ 3; ECF No. 19 ¶ 4) Defendant also filed a Motion to Compel Discovery, asserting that Plaintiff has failed to respond to discovery requests or provide available dates for Plaintiff's deposition or mediation. (ECF No. 18) Rather than continue extending the dates in the CMO, the Court ordered Plaintiff to show cause for his failure to comply with Court Orders. (ECF No. 20) Specifically, the Court ordered Plaintiff to "show cause in writing and no later than July 6, 2018 why this case should not be dismissed for failure to prosecute or otherwise

comply with Orders from this Court." (*Id.*) The Order further stated, "[f]ailure to comply with this Order will result in dismissal of Plaintiff's Complaint with prejudice." (*Id.*)

The deadline has passed, and Plaintiff has not complied with the Court's Order, requested an extension of time, or otherwise communicated with the Court. Indeed, Plaintiff has not filed anything since the case was removed to federal court nearly one year ago. Therefore, the Court finds that dismissal of Plaintiff's Petition is warranted for failure to prosecute, failure to comply with discovery requests, and failure to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) ("A district court has the power under Fed.R.Civ.P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order.") While the Court could dismiss the case with prejudice, the Court finds that dismissal without prejudice is appropriate. *See Jones v. Hertz Corp.*, No. , 2011 WL 6812912, at *4 (E.D. Mo. Dec. 28, 2011) (dismissing plaintiff's claims without prejudice under Rule 41(b) for failure to prosecute, participate in discovery, and comply with court orders).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's cause of action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

Dated this 11th day of July, 2018.

                                                                                    _____
**RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE**